# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  November 17, 2021

```
* * * * * * * * * * * * * *    *
E.M.,                          *    UNPUBLISHED
                               *
            Petitioner,        *    No. 18-1153V
v.                             *
                               *    Special Master Dorsey
SECRETARY OF HEALTH            *
AND HUMAN SERVICES,            *    Motion for Redaction.
                               *
            Respondent.        *
* * * * * * * * * * * * * *    *
```

Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for petitioner.
Catherine Elizabeth Stolar, US Department of Justice, Washington, DC, for respondent.

## ORDER GRANTING PETITIONER'S MOTION FOR REDACTION[1]

On November 8, 2021, petitioner filed a motion to redact the undersigned's October 26, 2021 Decision Based on Stipulation.  Petitioner's Motion for Redaction ("Pet. Mot."), filed Nov. 8, 2021 (ECF No. 92).  For the foregoing reasons, petitioner's motion is **GRANTED**.

## I.    RELEVANT PROCEDURAL HISTORY

On August 8, 2018, E.M. ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2]  Petitioner alleged that as a result of an influenza ("flu") vaccine on October 13, 2016, she developed an allergic reaction and related sequelae, including but not

---

[1] The undersigned intends to post this Order on the United States Court of Federal Claims' website. **This means the Order will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.  Because this unpublished order contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

limited to hypersensitivity dermatographism, fatigue, myalgia, ocular itching and swelling, exertional dyspnea, anxiety, and parethesias. Amended ("Am.") Petition at 1, 1 n.2 (ECF No. 56).

On October 26, 2021, the undersigned issued a decision based on stipulation. Decision Based on Stipulation dated Oct. 26, 2021 (ECF No. 91). On November 8, 2021, petitioner filed a motion to redact her name to initials in the decision. Pet. Mot. at 1. In support of this request, petitioner states her "financial information is extremely personal, and she requests that this financial information remain private." Id. at 3. "Petitioner further worries that disclosure of her name, coupled with the financial details of her settlement agreement, could attract unwanted attention to her home and identity." Id. at 3-4. She explains that she "has a family member who has engaged in a pattern of online harassment since 2009," which "has caused her great emotional distress over the years, and she is careful to keep her online presence as private as possible." Id. at 4.

Respondent filed a response on November 9, 2021, outlining the standards for a motion for redaction and "defer[ring] to the sound discretion of the special master to determine what remedy strikes the appropriate balance between the public and private interests in this instance. Respondent's Response to Pet. Mot. ("Resp. Response"), filed Nov. 9, 2021, at 4 (ECF No. 93). Petitioner did not file a reply.

This matter is now ripe for adjudication.

## II. DISCUSSION

A motion for redaction is governed by section 12(d)(4)(B) of the Vaccine Act. See § 12(d)(4)(B). That section provides that information concerning "medical files and similar files" may be redacted if its disclosure "would constitute a clearly unwarranted invasion of privacy." Id. What constitutes a "clearly unwarranted invasion of privacy" requires balancing petitioner's "right of privacy against the public purpose of the Vaccine Act." W.C. v. Sec'y of Health & Hum. Servs., 100 Fed. Cl. 440, 460 (2011), aff'd, 704 F.3d 1352 (Fed. Cir. 2013). While a petitioner has an interest in keeping sensitive medical or other embarrassing information private, the public has an interest in disclosure, so as to increase public awareness of vaccines and the medical conditions they may or may not cause. Id. at 461. In other words, sensitive information is often the subject of the litigation, and "in cases where sensitive information is the subject of the dispute, that information is routinely disclosed in decisions, to enable the reader to follow and understand the decision maker's rationale." Castagna v. Sec'y of Health & Hum. Servs., No. 99-411V, 2011 WL 4348135, at *13 (Fed. Cl. Spec. Mstr. Aug. 25, 2011).

Although the Vaccine Rules make mandatory the redaction of a minor's name, adult petitioner's names, which are not similarly protected automatically, may also be redacted if the petitioner establishes proper grounds for redaction. See R.V. v. Sec'y of Health & Hum. Servs., No. 08-504V, 2016 WL 3776888, at *2 (Fed. Cl. Spec. Mstr. May 10, 2016) ("[A] petitioner needs to make some showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call."). The undersigned will permit redaction in cases, such as this, where a specialized showing is made.

The facts and circumstances of this case warrant redaction of petitioner's name to initials. Petitioner made an adequate showing for redaction. **Accordingly, petitioner's motion for redaction of her name in the decision to initials is GRANTED.**

Thus, the public version of the decision based on stipulation shall be redacted to include only petitioner's initials, E.M. Moreover, the undersigned further directs the clerk to amend the case caption[3] to the following:

```
* * * * * * * * * * * * * *    *
E.M.,                          *
                               *
              Petitioner,      *
                               *
v.                             *
                               *
SECRETARY OF HEALTH            *
AND HUMAN SERVICES,            *
                               *
              Respondent.      *
                               *
* * * * * * * * * * * * * *    *
```

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master

---

[3] If either party objects to the undersigned's redaction of the case caption, a motion requesting the undersigned to reconsider redaction of the case caption may be filed.